ORIGINAL

FILED
SEP 2 8 2007
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OK'S CASCADE COMPANY, an Ohio corporation

v.

THE UNITED STATES OF AMERICA

No. 07-702 C

**COMPLAINT**

COMES NOW the plaintiff, OK'S Cascade Company (hereinafter "OK'S"), and for its Complaint alleges as follows:

## I. PARTIES AND JURISDICTION

1. OK'S is a corporation organized and existing under the laws of the State of Ohio. OK'S has performed all conditions precedent and necessary to its right to file and maintain this action.

2. Defendant is the United States of America ("Government"), acting by and through its United States Department of Agriculture, Forest Service, National Interagency Fire Center (hereinafter "NIFC").

3. Jurisdiction is proper in the United States Court of Federal Claims by virtue of 41 U.S.C. § 609 and 28 U.S.C. § 1491.

## II. GENERAL ALLEGATIONS

4. On or about July 7, 2004, the Government awarded OK'S Contract No. 53-024B-4-2475 (the "Contract"). The Contract covered the period from July 7, 2004

through December 31, 2004. The Contract generally required OK'S to provide mobile food service units and services necessary to provide tasty, well-balanced, hot and special meals, sack lunches, and hot and cold canned meals, and supplemental items at various field locations throughout the western contiguous United States during wild land fire and other types of activities.

5. Under its Contact, OK'S was to provide mobile food services at four separate locations under the following Contract Line Item Numbers and for the dates indicated below:

| CONTRACT LINE ITEM # | LOCATION | DATES | OK'S MOBILE KITCHEN Unit No. |
|---|---|---|---|
| A-5 | Fresno, CA | 06/01 – 11/15 | K-13 |
| A-13 | Albuquerque, N.M. | 05/01 – 06/30 | K-6 |
| A-22 | Wenatchee, WA | 06/01 – 10/15 | K-7 |
| A-23 | Okanogan, WA | 06/15 – 10/31 | K-14 |

6. On or about July 26, 2004, the Government, acting by and through its duly authorized representative, suspended OK'S performance under the Contract. The Government advised OK'S that "[t]his suspension will be lifted immediately after either resolution to a protest received, or upon receipt of override authorization to proceed in the face of a protest from the Head of the Contracting Activity of the USDA Forest Service." Despite suspending OK'S performance of services under the Contract, the Government nevertheless directed OK'S to continue performance of the work it had been performing as of July 26, 2004 under Emergency Equipment Rental Agreements, rather than under the Contract while the Contract was suspended. OK'S complied with the Government's directive.

7. The Government did not lift its July 26, 2004 suspension of work order. Instead, by letter dated August 18, 2004, the Government terminated OK'S Contract in whole under the

Termination for Convenience Clause found in OK'S Contract. The termination for convenience was effective as of August 18, 2004.

8. According the NIFC:

> The Forest Service received multiple protests of the contract awards. After review of the procurement record, the Government has decided to take corrective action concerning these awards. I am terminating all contracts awarded under RFP No. 49-03-07 and will issue a new solicitation after the current fire season. We are waiting until after the current fire season to issue a new solicitation in order to avoid diverting contractor and agency resources from wildland fire suppression activities during fire season. In the interim, we will continue to use the "Call-When-Needed" Emergency Equipment Rental Agreements. The aggregate of unusual circumstances surrounding this procurement led USDA to conclude that cancellation and resolicitation are necessary to restore the confidence of all offerors in this matter.

9. On or about August 18, 2005, OK'S submitted its Termination for Convenience Settlement Proposal / Claim in the amount of $587,531 to the Government.

10. By letter dated September 27, 2006, the Government, acting through its Contracting Officer, issued a final decision denying in full OK'S Termination for Convenience Settlement Proposal / Claim.

11. This Complaint is being filed with the Court of Federal Claims within twelve months of OK'S receipt of the Contracting Officer's written final determination on OK'S Termination for Convenience Settlement Proposal / Claim and, therefore, it is timely filed under 41 U.S.C. § 609(a)(3).

## III. FIRST CAUSE OF ACTION – FAILURE TO FOLLOW FEDERAL ACQUISITION REGULATION

12. OK'S realleges the contents of the foregoing paragraphs 1-11 as though set forth in full herein.

13. The Government, by and through its authorized representative, the Contracting Officer, failed to follow all applicable requirements of the Federal Acquisition Regulation ("FAR") in denying in full OK'S Termination for Convenience Settlement Proposal / Claim.

## IV. SECOND CAUSE OF ACTION – BREACH OF CONTRACT / FAILURE TO EQUITABLY ADJUST THE CONTRACT PURSUANT TO ITS CLAUSES

14. OK'S realleges the contents of the foregoing paragraphs 1-13 as though set forth in full herein.

15. The Government failed to equitably adjust the Contract price as required by the terms of its Contract with OK'S.

## V. DAMAGES

16. OK'S realleges the contents of the foregoing paragraphs 1-15 as though set forth in full herein.

17. As a result of the Government's breaches of its Contract with OK'S, and failure to follow all applicable provisions of the FAR, OK'S has been damaged in an amount to be proven at the time of trial. For purposes of this Complaint, OK'S alleges that the principal amount of such damages totals $587,531.00.

## VI. PRAYER FOR RELIEF

WHEREFORE, having set forth its causes of action against the Government, OK'S prays for judgment in its favor against the Defendant, The United States of America, as follows:

1. For monetary judgment against the United States in the principal sum of $587,531.00;

2. For monetary judgment against the United States under 28 U.S.C. § 2412, and to the maximum extent otherwise allowable by law, for prejudgment interest, recovery of all costs, expenses, consultant and expert fees and expenses incurred, plus recovery of all attorney and litigation service provider fees, costs, and expenses incurred by OK'S in having to prepare, negotiate, and prosecute this matter.

3. For permission to conform its pleadings to the proof offered at trial.

4. For such other and further relief as the Court deems just, equitable, and proper.

DATED this 27th day of September, 2007.

By ______________________
**John Lukjanowicz**
Oles Morrison Rinker & Baker LLP
701 Pike Street, Suite 1700
Seattle, WA 98101-3930
Phone: (206) 623-3427
Fax: (206) 682-6234
Email: Lukjanowicz@oles.com
Attorneys for Plaintiff

**Of counsel: James F. Nagle**
Oles Morrison Rinker & Baker LLP
701 Pike Street, Suite 1700
Seattle, WA 98101-3930
Phone: (206) 623-3427
Fax: (206) 682-6234
Email: Nagle@oles.com

Attorneys for Plaintiff