IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| OK'S CASCADE COMPANY,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | ) | No. 07-702C<br>(Chief Judge Damich) |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), the parties, plaintiff, OK's Cascade Company ("OK's"), and defendant, the United States, respectfully submit the following joint preliminary status report. For those subjects on which the parties do not agree, the parties submit their respective positions.

a. Jurisdiction

Plaintiff indicates that this Court has jurisdiction to consider and decide this action pursuant to 41 U.S.C. § 609 and 28 U.S.C. § 1491. Defendant is not aware, at this time, of a basis to challenge the first count of the complaint. However, the Government contends that this Court lacks subject matter jurisdiction over the second count of the complaint for breach of contract because the claim was never presented to the contract officer.

b. Consolidation

At the present time, the parties agree that this case should not be consolidated with any other case.

c. Bifurcation

Assuming the case proceeds to trial, the parties are not presently aware of any reason why this case should be bifurcated.

d. Deferral

At the present time, the parties are not aware of any reason why this case should be deferred.

e. Remand/Suspension

The parties do not request that this action be remanded or suspended at this time.

f. Joinder

Neither party seeks to join additional parties at this time.

g. Dispositive Motions

One or both parties may move for summary judgment pursuant to RCFC 56.

h. Relevant Factual And Legal Issues

Based upon a preliminary review of the case, the relevant issues are as follows:

For the plaintiff:

1. Whether the plaintiff is entitled to recover from the defendant when the United States, acting through its Department of Agriculture, National Interagency Fire Center, terminated for convenience Plaintiff's Contract No. 53-024B-4-2475 on or about August 18, 2004.

2. If the answer to issue 1 is affirmative, what amount is plaintiff entitled to recover and how should that amount be calculated.

3. What amounts, if any, should plaintiff be entitled to recover for attorney's fees, consultant and expert fees, and other expenses, in preparing its Termination for Convenience Settlement Proposal and supplements thereto.

4. What amount, if any, should plaintiff be entitled to recover for prejudgment

interest and other allowable costs.

5. Whether the Defendant will breach its implied obligation of good faith and fair dealing toward plaintiff if the defendant treats plaintiff's Termination for Convenience Settlement Proposal (and/or the component parts thereof) differently than it treated the Termination for Convenience Settlement Proposal (and/or the component parts thereof) of one of plaintiff's competitors, which also submitted a Termination for Convenience Settlement Proposal under this procurement.

For the defendant: In addition to the issues stated by plaintiff, defendant adds the following issues:

6. Whether this Court possesses jurisdiction to entertain plaintiff's breach of contract claim that was not presented to the contracting officer for a final decision.

7. Whether this Court possesses jurisdiction to entertain a claim for breach of implied obligation of good faith and fair dealing, listed above as issue 5, which was not presented to the contracting officer for a final decision nor is it included in plaintiff's complaint.

i. <u>Settlement</u>

The parties have been actively engaged in settlement discussions. An audit of plaintiff's claims is currently underway and the parties will resume settlement discussions once the audit is completed.

j. <u>Trial</u>

As outlined above, the parties anticipate resolving this matter by settlement. However, one or both of the parties may move for summary judgment pursuant to RCFC 56. If dispositive

motions are not submitted, or if any such motions are not dispositive of this action, and if settlement discussions are unsuccessful, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. For the convenience of the plaintiff and other witnesses, the parties respectfully request that any trial, if necessary, be held in Boise, Idaho or Bellevue, Washington.

k. Electronic Case Management

At this time, the parties do not anticipate any special issues regarding electronic case management needs.

l. Additional Information

The parties are not aware of any additional information of which the Court should be aware at this time.

Proposed Discovery Schedule:

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for the production of documents, depositions, and subpoenas duces tecum and for deposition. The parties propose the following schedule:

| | |
|---|---|
| Exchange of Initial Disclosures: | September 19, 2008 |
| Conclusion of Discovery: | February 20, 2009 |
| Deadline for Dispositive Motions: | May 15, 2009 |

JOHN LUKJANOWICZ
701 Pike Street
Seattle, WA 98101
Tele: (206) 280-3221

Attorney for the plaintiff

Dated: June 23, 2008

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

/s/ Courtney E. Sheehan
COURTNEY E. SHEEHAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-7995
Fax: (202) 514-8624

Attorneys for the defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 23[rd] day of June, 2008, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Courtney E. Sheehan